IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| ANTHONY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 6:20-cv-00016-NKM |
| | ) | |
| CENTRA HEALTH, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CENTRA HEALTH, INC.'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendant Centra Health, Inc. ("Centra") files this Memorandum in Support of its Motion to Dismiss the Third Amended Complaint ("TAC") (Doc. 31) of Plaintiff Anthony Smith ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). Centra's Motion to Dismiss should be granted because Plaintiff fails to plausibly allege a Monell § 1983 Claim (Counts 1-2), Assault and Battery (Count 4), False Imprisonment (Count 5) or Gross Negligence (Count 6).[1]

Count 1 should be dismissed because Plaintiff has not and cannot identify a policy or custom of Centra that caused a constitutional violation. *See Rose v. Centra Health, Inc.*, 2017 WL 3392494 at *8-9 (W.D. Va. 2017) (dismissing Plaintiff's counsel's Monell § 1983 Claim against Centra for failing to identify a policy or custom of Centra causing a constitutional violation).

---

[1] Plaintiff also purports to assert claims against an unspecified number of unknown and unidentified Centra employees to whom Plaintiff refers as "John Does 1-10." TAC at ¶¶ 9, 71-107. Plaintiff's attempt to name these "John Does" as defendants is improper and contrary to Virginia law and they should be dismissed from this action. *See Conley v. Bishop*, 32 Va. Cir. 236, *2 (1993) (explaining that naming John Doe defendants is only appropriate in uninsured motorist cases). "In Virginia there is no statutory basis for 'John Doe' actions other than Code § 38.2-206, which applies exclusively to certain actions involving uninsured motorists. The Virginia Legislature has not spoken to nor provided a statutory basis for further of other 'John Doe' actions." *Kovatch Mobile Equipment Corp. v Frederick County Maintenance Dept.*, 62 Va. Cir. 52 (23rd Judicial Circuit 2003) (quoting *Williams v. John Doe Police Officers*, 48 Va. Cir. 52 (Norfolk, 1999)); *see also Bruce v Smith*, 581 F. Supp. 902, 905 (W.D. Va. 1984) ("While this Court recognizes the difficulties plaintiff may have encountered in trying to identify these officers, the plaintiff did have the two year statutory period to make these identifications. To allow a plaintiff to name a John Doe defendant and later, after the statutory limitation period had elapsed, allow that plaintiff to name a specific individual would negate any purpose and impact of such a statute of limitations. A plaintiff could automatically include a John Doe defendant in every action and thereby totally circumvent any limitation provision.").

Count 2 likewise should be dismissed because Plaintiff has not and cannot plausibly allege deliberative indifference towards a specific training deficiency that caused his injury to support his "most tenuous" Monell failure-to-train claim.   *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

Finally, Counts 4, 5 and 6 should be dismissed because Plaintiff has not plausibly alleged that he was assaulted, battered or falsely imprisoned or that Centra was grossly negligent, and Centra acted reasonably and with lawful justification.

## I.      RELEVANT FACTUAL ALLEGATIONS

On February 24, 2018, Plaintiff was a patient at Centra's Lynchburg General Hospital ("LGH").  TAC at ¶ 5.  During his "post-operative recovery from emergency surgery," Plaintiff "became disoriented and delusional" and "wandered from his hospital bed and into other areas of the hospital.*" Id.* at ¶¶ 15-16.  Plaintiff "was completely disconnected from reality." *Id.* at ¶ 16. "While [Plaintiff] was delusional and disoriented," a Centra security officer "deployed a taser against Plaintiff." *Id.* at ¶ 18.  The Centra security officer acted to prevent Plaintiff - who was "disoriented and delusional" and "completely disconnected from reality" – from further endangering himself and patients and staff at LGH.  *Id.* at ¶¶ 15-16, 18.  After he was tased, Plaintiff "was detained and physically restrained." *Id.* at ¶ 24.  Plaintiff was then confined to his hospital bed while he was "suffering from lingering morphine-induced delirium." *Id.* at ¶ 28.[2]

---

[2]  Although they need not be considered for purposes of this motion, Plaintiff's generic and cursory description of the February 24, 2018 incident omits important facts and events.  Here is what actually happened: Plaintiff pulled a fire alarm on the surgical floor of LGH, ran into a stairwell carrying an IV pole, and climbed to the sixth floor.  When Centra's security officers found him, Plaintiff was standing with his back against the door, swinging the IV pole, damaging doors and sprinkler valves, and verbally and physically threatening Centra's staff .  Plaintiff threated to hit anyone who came near him with the IV pole while jamming the IV pole into the fire pump shut-off valve and breaking and removing internal parts from the valve.  After unsuccessfully attempting verbal de-escalation techniques for nearly 12 minutes, Centra security officer Defendant Christopher Paul Jones ("Jones") warned Plaintiff that if he did not stop he would be tased.  Plaintiff acknowledged his understanding but disregarded this warning and continued to engage in his criminal activities (verbally and physically threatening Centra's staff, ignoring commands and warnings of Centra's security officers, and damaging Centra's property) forcing Jones to use his taser on Plaintiff.  After Plaintiff was tased, Centra's security officers lowered him to the floor, handcuffed him, and returned him to his room. Consideration of these additional facts and events is unnecessary, however, because Plaintiff's own factual allegations in the TAC confirm that Centra's security officers acted reasonably and with lawful justification.

At all relevant times, the Centra security officers who interacted with Plaintiff were acting under the direction and supervision of a Centra security officer whom the Lynchburg Circuit Court had: (a) appointed as a Special Conservator of the Peace ("SCOP"), (b) found to have met the registration and training requirements, and (c) authorized to affect arrests using the same amount of force as would be allowed to a Virginia law-enforcement officer.  *Id.*.[3]

## II.   PROCEDURAL HISTORY

On February 21, 2020, Plaintiff filed a Motion for Judgment in the General District Court of Lynchburg, Virginia (Case No. GV20001154) purporting to assert a single Monell § 1983 Claim against Centra and seeking damages in the amount of $25,000.  (Doc. 1-1 at p. 2, 4).

On March 26, 2020, Centra timely filed its Notice of Removal to this Court.  (Doc. 1).  On March 27, 2020, Centra filed its Motion to Dismiss (Doc. 3) and Supporting Memorandum (Doc. 4) moving to dismiss Plaintiff's Complaint with prejudice for failing to allege a Monell § 1983 Claim.  Pursuant to WDVA Local Civil Rule 11(c), Plaintiff was required to respond within 14 days (by April 10, 2020).  Plaintiff did not respond.  By failing to respond, Plaintiff conceded the propriety of dismissal of his Complaint with prejudice.  On April 17, 2020, Centra filed a Notice of Plaintiff's Non-Opposition to its Motion to Dismiss.  (Doc. 7).  Later that same day, Plaintiff filed his First Amended Complaint ("FAC") purporting to reassert against Centra the same defective Monell § 1983 Claim (Count 1), plus a new Monell § 1983 Failure to Train Claim (Count 2), Assault and Battery (Count 4), and False Imprisonment (Count 5).  (Doc. 8).

---

[3] In addition to the above facts, the TAC contains numerous legal conclusions and conclusory allegations.  As discussed in Section III below, Plaintiff's unsubstantiated and self-serving statements that he "did not pose an immediate risk of harm to himself or others at any time relevant to this complaint" and "the use of the Taser against [him] was not reasonably likely to cure any safety risk" (despite admittedly wandering LGH "disoriented and delusional" and "completely disconnected from reality") and his formulaic references to Centra's unidentified "unconstitutional policies or customs with regard to use of force by its security officers," and alleged use of "objectively unreasonable force against patients" (TAC at ¶¶ 17, 22, 32, 44) are not facts and should be disregarded.

On May 1, 2020, Centra filed its Motion to Dismiss the FAC (Doc. 14) and Supporting Memorandum (Doc. 15) moving to dismiss Plaintiff's FAC with prejudice for failing to allege a Monell § 1983 Claim (Count 1), a Monell § 1983 Failure to Train Claim (Count 2), Assault and Battery (Count 4), and False Imprisonment (Count 5).   On May 14, 2020, Plaintiff filed his Opposition to Centra's Motion to Dismiss the FAC (Doc. 19) opposing the dismissal of his Monell § 1983 Claim (Count 1) and his Monell § 1983 Failure to Train Claim (Count 2).   Plaintiff's response failed to address his other claims for Assault and Battery (Count 4), and False Imprisonment (Count 5).   By failing to address these claims, Plaintiff conceded the propriety of their dismissal with prejudice.   On May 21, 2020, Centra filed its Reply in Support of its Motion to Dismiss the FAC (Doc. 23).   The very next day, Plaintiff improperly filed a Second Amended Complaint ("SAC") (Doc. 24) without leave of Court or Centra's written consent in violation of Federal Rule of Civil Procedure 15(a)(2) which provides that a party may amend a complaint a second time "only with the opposing counsel's written consent or the court's leave."

By Order dated June 18, 2020 (Doc. 30), the Court granted Plaintiff leave to file a Third Amended Complaint.   That same day, Plaintiff filed his TAC (Doc. 31) purporting to reassert against Centra the same defective Monell § 1983 Claim (Count 1), Monell § 1983 Failure to Train Claim (Count 2), Assault and Battery (Count 4), and False Imprisonment (Count 5), plus a new claim for Gross Negligence (Count 6).   A hearing on Centra's Motion to Dismiss the TAC has been scheduled for September 30, 2020 (Doc. 32).

For the reasons set forth below, the fourth time is definitely not the charm for Plaintiff. Just like its three legally defective predecessors, the TAC fails to state a claim against Centra on which relief can be granted and should be dismissed with prejudice.   Despite having been given four opportunities to do so, Plaintiff has added nothing of substance to his purported claims.

4

# III.   ARGUMENT

### A.   Standard of Review.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." A complaint must be dismissed if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* While any specific factual allegations contained in a plaintiff's complaint must be viewed in the light most favorable to the plaintiff, courts need not credit conclusory legal terms and allegations that are not reasonably supported by factual allegations. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009); *Taubman Realty Group Ltd. P'ship v. Mineta*, 320 F.3d 475, 479 (4th Cir. 2003). Thus, it is appropriate for courts to "disregard any arguments or conclusions of law masquerading as facts," and refuse to "accept … unwarranted deductions of fact, or unreasonable inferences." *United States v. Rosen*, 487 F. Supp. 2d 721, 724 n.4 (E.D. Va. 2007).

Similarly, courts should not accept "conclusory factual allegations devoid of any reference to actual events." *Switzer v. Thomas*, 2013 WL 693090, at *2 (W.D. Va. 2013) (citing *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979)); see also *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002).

### B.   Plaintiff Fails to Plausibly Allege a *Monell* § 1983 Claim (Counts 1-2).

Plaintiff purports to assert two *Monell* § 1983 claims. FAC at ¶¶ 41-55. "[C]orporations like Centra can be held liable 'only when an official policy or custom causes the alleged deprivations of federal rights.'" *Rose v Centra*, 2017 WL 3392494 (W.D. Va. 2017) (quoting *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727-28 (4th Cir. 1999)).

Plaintiff must plausibly allege four elements to state a Monell § 1983 claim.  First, Plaintiff must first plausibly allege the elements of an underlying constitutional violation.  *See City of L.A. v. Heller*, 475 U.S. 796, 799 (1986) ("[I]f the [employee] inflicted no constitutional injury on respondent, it is inconceivable that [the city] could be liable to respondent.").  Second, Plaintiff must plausibly allege the existence of a policy or custom of Centra.  *Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010).  Third, Plaintiff must plausibly allege a "direct causal link between the policy or custom and the injury alleged."  *Id*.  Finally, Plaintiff must plausibly allege Centra enacted the policy or custom with deliberate indifference.  *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013) (citing *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)).  As set forth below, Plaintiff has failed to plausibly allege any of these four elements, and Plaintiff's TAC should be dismissed with prejudice.

For his first *Monell* § 1983 claim (Count 1), Plaintiff alleges that Centra maintained an unconstitutional policy or custom of permitting "its security guards to use objectively unreasonable force against patients"  TAC at ¶ 44.  Despite the fact that the Centra security officers who interacted with Plaintiff were under the direction and supervision of a SCOP, and the use of tasers was specifically authorized by the Lynchburg Circuit Court (*Id*. at ¶ 28), Plaintiff alleges that "Centra maintained its unconstitutional policy or custom of permitting its security guards to use Tasers for mere apprehension or compliance."  *Id*. at ¶ 52.

For his second *Monell* § 1983 claim (Count 2), Plaintiff alleges that Centra failed to train its security "officers in the constitutional limitations on the use of conducted electrical weapons and baton." TAC at ¶ 69.  According to Plaintiff, a properly trained security officer should know that:  "It is unconstitutional to detain anyone with a Taser" and "It is also unconstitutional to deploy a Taser against a trespasser merely to prevent him from trespassing." *Id*. at ¶¶ 65-66.

Generic references to unspecified policies or customs and alleged constitutional violations are clearly insufficient.   Plaintiff has not and cannot identify a policy or custom of Centra that caused a constitutional violation.   Moreover, Plaintiff has not and cannot plausibly allege deliberative indifference towards a specific training deficiency that caused his injury.

### 1.     Plaintiff fails to plausibly allege an underlying constitutional violation.

As an initial matter, because Plaintiff has failed to plausibly allege that Centra's employees committed a constitutional violation, there is no basis for municipal liability against Centra. *Grayson v. Peed*, 195 F.3d 692, 697 (4th Cir. 1999) (no underlying constitutional violation, no municipal liability); *S.P. v. City of Takoma Park, Md.*, 134 F.3d 260, 272 (4th Cir. 1998).

The Centra security officer deployed his taser to prevent Plaintiff - who was "disoriented and delusional" and "completely disconnected from reality" – from further endangering himself and patients and staff at LGH.  TAC at ¶¶ 15-16, 18.  After he was tased, Plaintiff "was detained and physically restrained."  *Id.* at ¶ 24.  Plaintiff was then confined to his hospital bed while he was "suffering from lingering morphine-induced delirium."  *Id.* at ¶ 28.  There was clearly probable cause to detain and restrain Plaintiff:  he was disoriented and delusional, completely disconnected from reality, wandering through unauthorized areas of LGH, and posing a danger to himself and patients and staff at LGH.  *Id.*

Where, as here, probable cause exists, detaining or restraining someone or taking them into custody is not offensive to the Fourth Amendment.  *Mensh v. Dyer*, 956 F.2d 36, 39 (4th Cir. 1991) ("arrest based on probable cause does not violate the fourth amendment, even if the wrong person is arrested").  In sum, Plaintiff has failed to allege facts that identify any constitutional violation. *Holloman v Markowski*, 661 Fed. Appx. 797 (4th Cir. 2016) (affirming 12(b)(6) dismissal of Monell claim) (no constitutional violation for shooting and killing mentally ill plaintiff).

##### 2.      Plaintiff fails to plausibly allege a policy or custom of Centra.

Even if the Court determines that Plaintiff has plausibly alleged an underlying constitutional violation (which he clearly has not), Plaintiff has not plausibly alleged the existence of a policy or custom of Centra that caused it or any of the other requisite elements of a Monell § 1983 Claim.

Centra cannot be subject to liability under § 1983 for all alleged constitutional misconduct by its employees. *Monell v. D.S.S.*, 436 U.S. 658, 694 (1978). Instead, liability can arise only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edict or acts may fairly be said to represent official policy, inflicts the injury." *Id*. "Policy" requires "a course of action consciously chosen from various alternatives" as contrasted with "episodic exercises of discretion." *Spell v. McDaniel*, 824 F.2d 1380, 1386 (4th Cir. 1987). Accordingly, policy is found in regulations, ordinances, and other similar measures approved by policymakers which directly authorize constitutional violations. *Id*. By comparison, liability for a custom arises from practices which are sufficiently demonstrated to be persistent, widespread, and settled despite lacking formal approval from policymakers. *Monell*, 436 U.S. at 691. Such practices are attributable to a governmental unit "when the duration and frequency of the practices warrants a finding of either actual or constructive knowledge" by the governing body. *Spell*, 824 F.2d at 1387.

To establish a custom or practice under § 1983, Plaintiff "must point to a persistent and widespread practice of municipal officials, the duration and frequency of which indicate that policymakers: (1) had actual or constructive knowledge of the conduct, and (2) failed to correct it due to their deliberate indifference." *Johnson v. Holmes*, 2017 U.S. Dist. LEXIS 173743, *23 (W.D. Va. 2017) (citing *Owens v. Balt. Attys. Office*, 767 F.3d 379, 402 (4th Cir. 2014)). In other

words, "there must be numerous particular instances of unconstitutional conduct in order to establish a custom or practice." *Smith v. Ray*, 409 F. App'x 641, 650 (4th Cir. 2011); *Wilson v. Cook Cnty.*, 742 F. 3d 775, 780 (7th Cir. 2014) (failure by local government to terminate employee after three incidents of sexual misconduct did not arise to a custom or practice). Once a custom or practice is plausibly alleged, Plaintiff must also plausibly allege it was "the moving force of the constitutional violation." *Milligan v. City of Newport News*, 743 F.2d 227, 230 (4th Cir. 1984).

### a.   Plaintiff does not identify a policy or custom.

Instead of identifying a policy or custom, Plaintiff merely alleges in generic and conclusory fashion:  Centra maintained an unconstitutional policy or custom of permitting "its security guards to use objectively unreasonable force against patients"  TAC at ¶ 44.  Despite the fact that the Centra security officers who interacted with Plaintiff were under the direction and supervision of a SCOP, and the use of tasers was specifically authorized by the Lynchburg Circuit Court (*Id*. at ¶ 28), Plaintiff alleges that "Centra maintained its unconstitutional policy or custom of permitting its security guards to use Tasers for mere apprehension or compliance."  *Id*. at ¶ 52.

This is clearly insufficient. As the Fourth Circuit has held, "[t]he challenged policy or custom cannot merely be the abstract one of violating citizens' constitutional rights." *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999) (quoting *Spell*, 824 F.2d at 1389-91).  Here, as in *Carter*, Plaintiff merely alleges the abstract policy of permitting use of objectively unreasonable force against patients.  *Id.*  Plaintiff has clearly failed to allege: (a) an official formally approved and deliberately chosen "policy" or (b) a "custom" consisting of persistent, widespread, and settled practices of a sufficient frequency and duration to indicate knowledge and deliberate indifference supported by numerous particular instances of similar unconstitutional conduct. *Monell*, 436 U.S. at 691; *Spell*, 824 F.2d at 1386-87; *Owens*, 767 F.3d at 402; *Smith*, 409 F. App'x at 650.

Plaintiff's failure to identify a policy or custom of Centra that caused a constitutional violation is fatal and necessitates dismissal his TAC. *Brondas v. Corizon Health, Inc.*, 2014 WL 5393529, *3 (W.D. Va. 2014) ("the sole basis upon which Plaintiff may impose § 1983 liability against Corizon, a private corporation, is by making a specific showing that Corizon maintained a policy or custom that caused a deprivation of Plaintiff's federal rights. The complaint is devoid of any facts to support these claims, and, therefore, her claims do not rise to the level of plausibility."); *Johnakin v. Berringer*, 2019 WL 4857850, *3 (E.D. Pa. 2019) ("the allegation fails to set forth the requisite specificity required by the case law. Simply paraphrasing the elements of a Monell claim is insufficient to state a plausible claim, and [Plaintiff] has not even done that.").

Plaintiff's generic and conclusory allegations are merely abstract and fail to identify a policy or custom sufficient to support a *Monell* § 1983 claim. *Carter*, 164 F.3d at 218. As this Court has held, allegations like this are clearly insufficient and warrant dismissal. *See Newhard v. Borders*, 649 F. Supp. 2d 440, 446-47 (W.D.Va. 2009) (granting Rule 12(b)(6) motion to dismiss § 1983 Claim based on conclusory allegation that the Town implemented and promulgated a policy or custom of not enforcing federal privacy rights because the complaint does not allege any facts to "support a conclusion that the Town's governing official were actually or constructively aware of persistent and widespread constitutional deprivations by Town police officers. Nor are there any allegations of other, similar allegations of other, similar, constitutional deprivations at the hands of Town officers. Thus, aside from Newhard's conclusory allegations of a Town policy, practice, and custom of violation federal privacy rights, nothing alleged in the Amended Complaint can support that the alleged incident was anything more than an isolated event."); *Hixson v. Hutcheson*, 2018 U.S. Dist. LEXIS 130360, *6 (W.D. Va. 2018) (finding that "there was no basis upon which to extend [Monell liability] upon the Municipal Defendants").

*Newhard*, *Brondas* and *Hixson* and this Court's opinion in *Rose* provide examples of the Western District of Virginia's long history of granting Rule 12(b)(6) motions and dismissing *Monell* § 1983 claims that fail to articulate an actual policy or custom.

Centra's care and treatment of one individual (Plaintiff) at one location (LGH) on one occasion (February 24, 2018) is not a policy or a persistent and widespread custom supported by numerous particular instances of similar unconstitutional conduct. *Monell*, 436 U.S. at 691; *Spell*, 824 F.2d at 1386-87; *Owens*, 767 F.3d at 402; *Smith*, 409 F. App'x at 650. Plaintiff has not identified any written or formal policy or custom, and any attempt to cobble together some unwritten informal policy or custom is contrary to well-established precedent. *Id.*

   **b.**  **A single incident is insufficient to establish a policy or custom.**

Plaintiff merely identifies a single, isolated incident of alleged unconstitutional activity (his own case) and fails to identify any prior similar instances. As the Fourth Circuit has recognized, this omission is fatal to his Monell § 1983 Claim. *See Lytle v. Doyle*, 326 F.3d 463, 473 (4th Cir. 2003) ("It is well settled that isolated incidents of unconstitutional conduct by subordinate employees are not sufficient to establish a custom or practice for § 1983 purposes. . . Rather, there must be 'numerous particular instances' of unconstitutional conduct in order to establish a custom or practice"); *Semple v. City of Moundsville*, 195 F.3d 708, 713-14 (4th Cir. 1999) (finding departures from a written policy in reference to how police handled multiple domestic disturbance calls concerning the same victim is insufficient to establish a deficiency in police training rising to the level of a municipal custom that is actionable); *Greensboro Prof. Fire Fighters Ass'n v. City of Greensboro*, 64 F.3d 962, 966 (4th Cir. 1995) (plaintiff must prove "the existence of a practice that is widespread, pervasive and so permanent and well-settled as to constitute a custom or usage with the force of law"); *Tomasello v. Fairfax Cty.*, 2016 WL 165708,

*26 (E.D. Va. 2016) (plaintiff must prove practices are "so widespread or flagrant that in the proper exercise of its official responsibilities the governing body should have known of them"); *Williams v. City of Charlottesville*, 1996 WL 335377, *6–7 (W.D. Va. 1996) ("The one occurrence relative to the allegations in the instant action is not sufficient to constitute a policy or custom. These allegations are insufficient, without more, to demonstrate 'persistent and widespread' policies of sufficient length and duration.").

Presumably recognizing the need for more, Plaintiff alleges in generic and conclusory fashion three purported instances (TAC ¶ 44):

- "On January 11, 2016, CENTRA armed one of its security guards (GILLESPIE) with a pistol, which GILLESPIE used to shoot a psychiatric patient in the back." ("Incident 1")

- "On February 4, 2016, Centra permitted its armed officers to chase down an individual off hospital grounds and to deploy a Taser against that individual when the individual did not pose any risk or threat of harm to anyone." ("Incident 2")

- "On May 18, 2018, CENTRA security guards deployed a Taser against a young man in the Emergency Room at Lynchburg General Hospital when that young man did not pose a threat of immediate harm to anyone." ("Incident 3")

None of them is a prior similar incident.  Incidents 1 and 2 are irrelevant because they are remote in time and entirely dissimilar:  they both occurred more than 2 years earlier, Incident 1 did not involve the use of a taser, and Incident 2 occurred off hospital grounds.  *Id.*  Incident 3 is likewise irrelevant because it is entirely dissimilar and after-the-fact:  Incident 3 did not involve

a patient and occurred several months after Plaintiff's alleged incident on February 24, 2018. *Id.* As this Court has recognized, only prior similar incidents "in place at the time of the incident" can give rise to a policy or custom because "subsequent conduct cannot be the cause of the precedent violation." *Rose v. Centra Health, Inc.*, 2017 WL 3392494, *9 (W.D. Va. 2017) (*citing Cordova v Aragon*, 569 F.3d 1183, 1194 (10th Cir. 2009)); *Moody v. City of Newport News, Va.*, 93 F. Supp. 3d 516, 535 (E.D. Va. 2015).

These purported incidents cannot give rise to a policy or custom because they are two few, non-specific and conclusory, entirely dissimilar and either remote in time or after-the-fact. As this Court has recognized, they are not prior similar incidents and should be disregarded. *Id.*

Plaintiff does not allege any policy: he identifies no regulation, ordinance, or other similar measure officially approved by the policy-maker which directly authorizes constitutional violations. *Spell*, 824 F.2d at 1386. Plaintiff likewise does not allege any custom: he identifies no practice that is "so persistent and widespread and so permanent and well settled as to constitute a custom or usage with force of law." *Carter*, 164 F.3d at 218.

It is black letter law that a single incident like this is insufficient to support a *Monell* § 1983 claim. *Lytle*, 326 F.3d at 473 ("It is well settled that isolated incidents of unconstitutional conduct by subordinate employees are not sufficient to establish a custom or practice for § 1983 purposes. . . Rather, there must be 'numerous particular instances' of unconstitutional conduct in order to establish a custom or practice."); *Williams*, 1996 WL 335377, *6-7 ("The one occurrence relative to the allegations in the instant action is not sufficient to constitute a policy or custom.");

Plaintiff merely identifies his own, single, isolated incident of alleged unconstitutional activity and fails to identify any prior similar incidents. This is fatal to his *Monell* § 1983 claim. *Holloman v. Markowski*, 661 F. App'x 797, 800 (4th Cir. 2016) (Absence of similar, prior

unconstitutional violations renders his claim "too speculative to state a plausible claim for municipal liability."); *Rose v. Centra Health, Inc.*, 2017 WL 3392494, *9 (W.D. Va. 2017) (Only prior similar incidents "in place at the time of the incident" can give rise to a policy or custom because "subsequent conduct cannot be the cause of the precedent violation.").

At the end of the day, Plaintiff has identified a single, isolated incident of alleged unconstitutional activity (his own case) and he fails to identify any prior similar instances to support the existence of a policy or custom. Accordingly, Plaintiff has not plausibly alleged a policy or custom of Centra. *Spell*, 824 F.2d at 1387; *Smith*, 409 F. App'x at 650.

"Because [Plaintiff] fails to allege specific facts regarding any relevant policy or custom - other than his own experience with [Centra at LGH] - he fails to meet the 'rigorous standards of culpability and causation' required for Monell liability." *Johnakin*, 2019 WL 4857850, *3 (quoting *Brown*, 520 U.S. at 405). Plaintiff "appear[s] to rely on the adage that, because this allegedly happened to me, it must happen regularly. Such allegations are simply insufficient to hold [Centra] liable." *Frederick v. W.Va D.H.H.S.*, 2019 WL 1198027 (S.D.W.Va. 2019), *46-47.

Just like in *Newhard, Brondas, Hixson and Rose*, Plaintiff has failed to plausibly allege a policy or custom of Centra that caused a constitutional violation sufficient to support Monell liability, and Plaintiff's TAC should be dismissed with prejudice. *Rose*, 2017 WL 3392494, *8 (granting Rule 12(b)(6) motion to dismiss and rejecting "Monell-style claims against Centra on the theory that its policies or customs were the cause of Plaintiff's constitutional deprivations"); *Newhard*, 649 F. Supp. 2d at 446-47; *Brondas*, 2014 WL 5393529, *3; *Hixson*, 2018 U.S. Dist. LEXIS 130360, *6.

### c.      Plaintiff cannot assert a Monell failure-to-train claim.

Presumably recognizing the inherent and incurable defects in his first *Monell* § 1983 claim (Count 1), Plaintiff reverses course in his second *Monell* § 1983 claim (Count 2) and attempts to assert single-incident liability under a failure-to-train theory.   TAC at ¶¶ 57-70 (alleging that Centra failed to train its security "officers in the constitutional limitations on the use of conducted electrical weapons and baton" because, according to Plaintiff, a properly trained security officer should know:  "It is unconstitutional to detain anyone with a Taser" and "It is also unconstitutional to deploy a Taser against a trespasser merely to prevent him from trespassing.").   Just like Count 1, Plaintiff's last ditch attempt to assert a Monell § 1983 claim in Count 2 likewise fails.

Plaintiff has not and cannot plausibly assert a Monell failure-to-train claim.  "A municipality's failure to train its officials can result in liability under Section 1983 only when such failure reflects a 'deliberate indifference' to the rights of its citizens and 'the identified deficiency in a city's training program [is] closely related to the ultimate injury.' " *Hill v. Robeson Cty., N.C.*, 733 F. Supp. 2d 676, 686-87 (E.D.N.C. 2010) (*citing City of Canton, Ohio v. Harris*, 489 U.S. 378, 388, 391 (1989)).  "'Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.'" *Connick v. Thompson*, 563 U.S. 51, 61-62 (2011). "The operative inquiry is whether those facts demonstrate that the policymaker's inaction was the result of 'conscious choice' and not 'mere negligence.'" *Cash v. Cnty of Erie*, 654 F.3d 324, 334 (2d Cir. 2011). Additionally, there must be a "direct causal link" between "a specific deficiency in training and the particular violation alleged." *Buffington v. Baltimore Cty.*, 913 F.2d 113, 122 (4th Cir. 1990). "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

Plaintiff cannot state this "most tenuous" claim. *Id*. Plaintiff cannot plausibly allege that Centra was deliberately indifferent to patients' rights and that some particular failure to train was closely related to the ultimate injury that Plaintiff suffered. Moreover, as the SCOP appointment confirms (TAC at ¶ 28), Centra adheres to strict requirements regarding the training and qualification of its security officers and their authorization to carry and use tasers. Plaintiff has not and cannot allege that the Centra security officers involved in his incident failed to meet these requirements or were not authorized to carry and use tasers on Centra premises. Plaintiff offers nothing to suggest that Centra has been deliberately indifferent. Plaintiff has failed to allege any prior similar incidents. All of this is fatal to his Monell § 1983 claim.

### 3.   Plaintiff fails to plausibly allege causation.

Even assuming *arguendo* that Plaintiff has plausibly alleged a policy or custom of Centra (which he clearly has not), Plaintiff must also plausibly allege that such policy or custom is the "moving force" behind the actual behavior that has harmed him. *Milligan v. Newport News*, 743 F.2d 227, 230-31 (4th Cir. 1984). To satisfy the "moving force" test, Plaintiff must plausibly allege that Centra employees acting in violation of the Constitution did so in reliance on Centra's policies or customs. *Id*. at 231. The causal connection must be proximate, not merely but-for causation-in-fact. *Spell*, 824 F. 2d at 1388 (allegations that a policy or custom was likely to have caused the violation are insufficient).

Plaintiff has failed to allege that any alleged custom or practice is the "moving force" behind the actual behavior that has allegedly caused him harm. *Milligan*, 743 F.2d at 230-31. Specifically, Plaintiff has failed to plausibly allege sufficient facts to demonstrate a pattern of unconstitutional behavior among Centra staff that is caused by Centra's policies or customs. Plaintiff alleges a single specific incident (his own) and fails to allege any prior similar incidents.

Therefore, Plaintiff has failed to demonstrate causation. *See Carter*, 164 F. 3d at 219 (holding that plaintiff's evidence of prior unconstitutional violations was "insufficiently precise to establish the existence of a municipal policy or custom that actually could have caused her specific injuries").

### 4.      Plaintiff fails to plausibly allege Centra was deliberately indifferent.

Plaintiff also is required to plausibly allege Centra enacted the alleged policy or custom with deliberate indifference. *Schneider*, 717 F.3d at 769 (citing *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)). Deliberate indifference may be shown when a municipal entity has "actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm." *Barney v. Pulsipher*, 1432 F. 3d 1299, 1307 (10th Cir. 1998).

Plaintiff has failed to allege any facts that demonstrate that Centra was deliberately indifferent to any alleged unconstitutional policy or custom. To the contrary, the Armed SCOP Appointment (TAC at ¶ 28) confirms that Centra adheres to strict policies regarding the training and qualification of its security officers and their authorization to carry and use tasers on Centra premises. Plaintiff offers nothing to suggest that Centra has been deliberately indifferent to any alleged unconstitutional conduct by its staff. Plaintiff has failed to allege any prior similar incidents. All of this is fatal to his Monell § 1983 claim.

Finally, Plaintiff's assertion that Centra failed to follow taser use and security officer training policies (TAC at ¶¶ 32-47) does not support his Monell § 1983 Claim. Monell liability cannot be based on the alleged failure to follow such policies. *See e.g. Ritter v. Marshowski*, 2016 WL 8735667, *3 (D. Nev. 2016) ("An allegation that the individual defendants failed to follow the municipality's policies and procedures resulted in the constitutional violation negates municipal liability under Monell as the individual defendant's actions, and not municipal policies,

would have caused the constitutional violation."); *Zachary v. City of Newburgh*, 2014 WL 1508705, \*5 (S.D.N.Y. 2014) (explaining that an alleged failure to follow policy "is the antithesis of a Monell claim"). Rather, liability must be predicated on a specific policy or custom of Centra that causes the constitutional violation. Plaintiff fails to plausibly allege any of this and Counts 1-2 should be dismissed with prejudice. *Rose*, 2017 WL 3392494, \*8; *Newhard*, 649 F. Supp. 2d at 446-47; *Brondas*, 2014 WL 5393529, \*3.

In sum, Plaintiff has failed to state a *Monell* § 1983 claim, because he has not and cannot plausibly allege:  (1) a policy or custom of Centra (2) enacted with deliberate indifference to constitutional violations that (3) caused and was the moving force behind (4) such a constitutional violation.  *See Rose*, 2017 WL 3392494 at \*8-9 (W.D. Va. 2017).

**5.      Centra should be awarded its fees under 42 U.S.C. § 1988(b) and (c).**

The requirement of identifying in the TAC a policy or custom of Centra that caused a constitutional violation is well known to Plaintiff's counsel given his earlier unsuccessful pursuit of a similarly defective *Monell* § 1983 claim against Centra in *Rose.  Rose* at Doc. 74, 2017 WL 3392494 at \*8-9.  During the hearing in *Rose*, the Court warned Plaintiff's counsel about the need to abide by federal law, rules and pleading requirements in pursuing § 1983 claims.  *Id.* at Doc. 96 p. 26, 30-31.  Despite receiving this adverse ruling and warning from the Court in *Rose*, Plaintiff's counsel has filed this TAC against the same defendant (Centra) asserting the same claim (*Monell* § 1983 claim) with the same fatal defect as *Rose* (failure to identify a policy or custom of Centra that caused a constitutional violation).  *Id.* at Doc. 74, 2017 WL 3392494 at \*8-9.

Just like *Rose* and other § 1983 claims that Plaintiff's counsel has filed in the Western District of Virginia, Plaintiff's TAC is legally defective and should be dismissed with prejudice. *See Rose* at Doc. 74, 2017 WL 3392494 at \*8-9 (dismissing Plaintiff's counsel's *Monell* § 1983

claim against Centra for failing to identify a policy or custom of Centra causing a constitutional violation); *Warner v Doucette*, 6:2018cv00064, 2019 WL 3432744 (W.D. Va. July 30, 2019) (dismissing Plaintiff's counsel's Section 1983 claims with prejudice); *Clem v. Jenkins*, 3:2018cv00049 (W.D. Va. January 11, 2019) (dismissing Plaintiff's counsel's Section 1983 claims); *Burns v. Cook*, 6:2018cv00073 (W.D. Va. February 12, 2019) (dismissing Plaintiff's counsel's Section 1983 claims with prejudice).

Based on these circumstances, Centra respectfully requests not only the dismissal of Counts 1 and 2 with prejudice, but also an award of Centra's attorneys' fees, costs and expenses incurred in the defense of this action pursuant to 42 U.S.C. § 1988(b) and (c). These provisions allow the Court to award attorneys' fees to the prevailing party with regard to a § 1983 claim.

As the Fourth Circuit has explained, "[w]hen the prevailing party is the defendant, the attorneys' fees should be awarded if the court finds 'that the plaintiff's action was frivolous, unreasonable or without foundation, even though not brought in subjective bad faith.'" *DeBauche v. Trani*, 191 F.3d 499, 510 (4th Cir. 1999) (*quoting Hughes v. Rowe*, 449 U.S. 5, 14 (1980)).

Centra should be awarded attorneys' fees because Plaintiff's *Monell* § 1983 claims are "frivolous, unreasonable and without foundation." *DeBauche*, 191 F.3d at 510. This is clear from the face of Plaintiff's FAC and confirmed by the Court's opinion in *Rose. Rose* at Doc. 74, 2017 WL 3392494 at *8-9. Plaintiff was required to identify in his FAC a policy or custom of Centra causing a constitutional violation and failed to do so. *Id.* Moreover, while such a showing is not required to award Centra attorneys' fees, Plaintiff's counsel's history of pursuing similarly defective *Monell* § 1983 claims against Centra and disregarding adverse rulings and warnings from the Court suggest that this action may have been "brought in subjective bad faith." *DeBauche*, 191 F.3d at 510**.**

**B.      Plaintiff Fails to Plausibly Allege Assault or Battery (Count 4).**

To state a claim for assault, Plaintiff must plausibly allege that Centra "performed an act intended to cause either harmful or offensive contact with another person or apprehension of such contact, and that creates in the other person's mind a reasonable apprehension of an imminent battery." *See Koffman v. Garnett*, 265 Va. 12, 16–17, 574 S.E.2d 258, 261 (2003).  To state a claim for battery, Plaintiff must plausibly allege "an unwanted touching which is neither consented to, excused, nor justified." *Unus v. Kane*, 565 F.3d 103, 117 (4th Cir. 2009) (quoting *Koffman v. Garnett*, 265 Va. 12, 16 (2003)). "[A] legal justification for the act being complained of will defeat an assault or battery claim." *Id*.

The TAC confirms legal justification.  At the time of the incident, Plaintiff was "disoriented and delusional" and completely disconnected from reality" and "wandered from his hospital bed and into other areas of the hospital." TAC at ¶¶ 15-16.  The Centra security officer deployed his taser to prevent Plaintiff from further endangering himself and patients and staff at LGH.  *Id.* at ¶¶ 15-16, 18.  After he was tased, Plaintiff "was detained and physically restrained."  *Id.* at ¶ 24. Plaintiff was then confined to his hospital bed while he was "suffering from lingering morphine-induced delirium."  *Id.* at ¶ 28.  There was clearly probable cause to detain and restrain Plaintiff: he was disoriented and delusional, completely disconnected from reality, wandering through unauthorized areas of LGH, and posing a danger to himself and patients and staff at LGH.  *Id.*

Moreover, at all relevant times, the Centra security officers who interacted with Plaintiff were acting under the direction and supervision of a Centra security officer whom the Lynchburg Circuit Court had: (a) appointed as a Special Conservator of the Peace ("SCOP"), (b) found to have met the registration and training requirements, and (c) authorized to affect arrests using the same amount of force as would be allowed to a Virginia law-enforcement officer.  *Id*. at ¶ 28.

Based on the allegations in Plaintiff's TAC, there can be no legitimate dispute that Centra acted reasonably and with lawful justification under any objective standard. Any claim to the contrary is implausible and fails to "raise a right to relief above the speculative level." *Unus*, 565 F.3d at 115. Because there is and can be no legitimate dispute that Centra acted reasonably, and with legal justification, Plaintiff's TAC does not and cannot, as a matter of law, state a plausible claim for assault or battery. *Unus*, 565 F.3d at 117; *Koffman*, 265 Va. at 16. Where, as here, the force used by an officer is objectively reasonable in light of the circumstances, an assault or battery claim must be dismissed. *See Russell*, 916 F. Supp. 2d at 645; *Thompson v. City of Danville*, 2011 WL 2174536, at *9 (W.D. Va. 2011) (state law assault, battery and negligence claims "fall with the federal [excessive force] claim") aff'd, 457 Fed. Appx. 221(4th Cir. 2011).

### C.    Plaintiff Fails to Plausibly Allege False Imprisonment (Count 5).

Plaintiff alleges that he was falsely imprisoned when he was "detained and physically restrained," questioned "while handcuffed to his bed," and "threatened with arrest and criminal prosecution." TAC at ¶¶ 87-88.  In Virginia, false imprisonment is "is the restraint of one's liberty without any sufficient legal excuse." *Lewis v. Kei*, 281 Va. 715, 724 (2011).  Where, as here, "the plaintiff's arrest was lawful, the plaintiff cannot prevail on a claim of false imprisonment."  *Id.*

The TAC confirms that Plaintiff was not falsely imprisoned.  Plaintiff "was detained and physically restrained" and then confined to his hospital bed while he was "suffering from lingering morphine-induced delirium."  *Id.* at ¶¶ 24, 28.  There was clearly probable cause to detain and restrain Plaintiff:  he was "disoriented and delusional" and completely disconnected from reality," wandering through unauthorized areas of LGH, and posing a danger to himself and patients and staff at LGH.  *Id.* at ¶¶ 15-16.  As a result, the Centra security guards who detained and physically restrained Plaintiff not only acted reasonably but also had probable cause.  *Id.*

21

Just like a claim of assault and battery, a claim of false imprisonment "can be defeated by a legal justification for the act," and, under Virginia law, officers "are legally justified in using reasonable force to execute their lawful duties." *Ware v. James City Cty.*, 652 F. Supp. 2d 693, 712 (E.D. Va. 2009). The Fourth Circuit has also recognized that, under Virginia law, an officer cannot be subjected to civil liability for assault and battery or false imprisonment "when the officer acted in good faith and with probable cause." *Harrison v. Deane*, 426 F. App'x 175, 181 (4th Cir. 2011) (applying holding in *DeChene v. Smallwood*, 311 S.E.2d 749, 752 (Va. 1984)). A claim of false imprisonment in Virginia is governed by "nearly identical principles" as those governing false arrest under the Fourth Amendment. *King v. Darden*, 2019 WL 1756531, at *5 (E.D. Va. 2019), appeal filed (4th Cir. 2019). "If the plaintiff's arrest was lawful, the plaintiff cannot prevail on a claim of false imprisonment." *Lewis v. Kei*, 708 S.E.2d 884, 890 (Va. 2011).

The TAC confirms legal justification and probable cause which preclude a false imprisonment claim. *Id.* At the time of the incident, Plaintiff was "disoriented and delusional" and completely disconnected from reality" and "wandered from his hospital bed and into other areas of the hospital." TAC at ¶¶ 15-16. Plaintiff "was detained and physically restrained" and then confined to his hospital bed while he was "suffering from lingering morphine-induced delirium." *Id.* at ¶¶ 24, 28. There was clearly probable cause to detain and restrain Plaintiff: he was disoriented and delusional, completely disconnected from reality, wandering through unauthorized areas of LGH, and posing a danger to himself and patients and staff at LGH. *Id.* As a result, the Centra security guards who detailed and physically restrained Plaintiff not only acted reasonably but also had probable cause. *Id.*

**D.      Plaintiff Fails to Plausibly Allege Gross Negligence (Count 6).**

Finally, Plaintiff does not and cannot allege that any of Centra's alleged actions or omissions rise to the level of gross negligence (or willful and wanton and reckless negligence). Under Virginia law, gross negligence involves misconduct of a vastly higher magnitude than ordinary negligence. *Town of Big Stone Gap v. Johnson*, 184 Va. 375, 378, 35 S.E.2d 71, 73 (1943).  Gross negligence may not be found unless a party demonstrates complete indifference and acts with "an utter disregard of prudence amounting to complete neglect of the safety of another." *Frazier v. City of Norfolk*, 234 Va. 388, 393, 362 S.E.2d 688 (1987); *see Johnson*, 184 Va. at 378 (town's leaving of a commercial road grader equipped with a heavy metal blade near playground in public park maintained by town and designated for use of small children was not gross negligence as a matter of law); *Colby v. Boyden*, 241 Va. 125, 400 S.E. 2d 184 (1994) (deputy who was speeding, ran a red light and sideswiped an innocent bystander was not grossly negligent as a matter of law.).

Plaintiff has not plausibly alleged facts showing "complete indifference" and "an utter disregard of prudence amounting to complete neglect of the safety of another." *Johnson*, 184 Va. at 378, 35 S.E.2d at 73; *Colby*, 241 Va. 125, 400 S.E. 2d 184. Plaintiff's own factual allegations in the TAC confirm that Centra's security officers acted reasonably and with lawful justification and negate any possibility of gross or willful and wanton and reckless negligence.

The Centra security officer deployed his taser to prevent Plaintiff - who was "disoriented and delusional" and "completely disconnected from reality" – from further endangering himself and patients and staff at LGH.  TAC at ¶¶ 15-16, 18.  There was clearly probable cause to detain and restrain Plaintiff:  he was disoriented and delusional, completely disconnected from reality, wandering through unauthorized areas of LGH, and posing a danger to himself and others.  *Id.*

23

In addition to falling well short of this high misconduct standard for gross negligence, Plaintiff's negligence theory is based on the false premise that Centra owed him a legal duty to adopt or enforce a policy prohibiting use of tasers on "delirious patients." TAC at ¶¶ 93-98. Centra does not owe Plaintiff a legal duty to adopt or enforce this or any other policy. Under Virginia law, company policies cannot create legal duties or establish a standard of care. *Virginia Ry. & Power Co. v. Godsey*, 117 Va. 167, 167, 83 S.E. 1072 (1915); *Pullen v. Nickens*, 226 Va. 342, 350, 310 S.E.2d 452, 456 (1983)); *Taylor v O'Neil*, 92 Va. Cir. 303, 304 (Norfolk Cir. 2016) (*quoting Hawthorne v. Lavinder*, 72 Va. Cir. 375, 375 (Roanoke County Cir. 2006)) ("It is well settled in Virginia that internal policies and procedures, as 'private rules,' are not admissible to establish a standard of care."); *Owens v. Children's Hosp. of the King's Daughters, Inc.*, 45 Va. Cir. 97, 100 (Norfolk Cir. 1997) ("the Long standing rule in Virginia is that private rules of conduct are not admissible to show the standard of care").

*Stevens v. Byrd*, 49 Va. Cir. 410 (Dickenson County 1999) illustrates why policies not only fail to create legal duties or establish a standard of care but also are inadmissible under Virginia law. In *Stevens*, plaintiff was killed by a third party at defendant Lodge and his estate claimed that had the Lodge not had a firearms policy prohibiting members from carrying a gun plaintiff would have been able to defend himself and repel the attack. The court granted the Lodge's motion for partial summary judgment holding that its firearms policy did not create legal duties or establish a standard of care and was inadmissible at trial under *Pullen* and *Godsey*. Specifically, the court held that: (1) the existence of the firearms policy did not proximately cause plaintiff's death as a matter of law; and (2) under Rule 403, the prejudice outweighs any probative value because the policy would create confusion and the jury would tend to misperceive the policy as creating a duty contrary to Virginia law. The same result is appropriate in this case.

## IV.   CONCLUSION

For the foregoing reasons, Centra respectfully requests that:  (1) Plaintiff's TAC be dismissed with prejudice; and (2) Centra be awarded its attorneys' fees, costs and expenses incurred in the defense of this action pursuant to 42 U.S.C. § 1988(b) and (c), and such additional relief as the Court deems just and proper.


Dated:  July 2, 2020                    Respectfully submitted,

                                         CENTRA HEALTH, INC.

                                         By:_____/s/ Joshua F. P. Long_____.
                                                       Of Counsel

Elizabeth Guilbert Perrow, Esq. (VSB No. 42820)
Daniel T. Sarrell, Esq. (VSB No. 77707)
Joshua F. P. Long, Esq. (VSB No. 65684)
Joshua R. Treece, Esq. (VSB No. 79149)
J. Walton Milam III, Esq. (VSB No. 89406)
WOODS ROGERS PLC
P. O. Box 14125
Roanoke, VA 24038-4125
Phone: (540) 983-7600
Fax: (540) 983-7711
eperrow@woodsrogers.com
dsarrell@woodsrogers.com
jlong@woodsrogers.com
jtreece@woodsrogers.com
wmilam@woodsrogers.com

Counsel for Defendant Centra Health, Inc.


## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice to all counsel of record:

                                         ___/s/ Joshua F. P. Long_____.